UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21817-MORENO/O'SULLIVAN

ELDER LEOPOLDO GARCIA ROBLES,
JAIRO OVIDIO GARCIA ROBLES,
FREDY OTONIEL VALLADARES LOPEZ
a/k/a ALEXANDRO BARRIOS,

    Plaintiff,

vs.

ACEBO ROOFING CORP.,
PEDRO L. ACEBO,
OCTAVIO E ACEBO,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Acebo Roofing Corp., Pedro L. Acebo, and Octavio E. Acebo, file their Answer and Affirmative Defenses to the Complaint as follows:

## ANSWER

1. Defendants admit that the Court has jurisdiction, but deny the remaining allegations.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Defendants admit that venue is proper in this Court, but deny the remaining allegations.

1

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. Denied.

8. Defendants admit that the Court has jurisdiction, but deny the remaining allegations.

9. Defendants are unable to admit or to deny the request as phrased, as it is not a factual allegation to which a response is required.

10. Denied.

11. Denied.

12. Denied.

13. Defendants admit that the Court has jurisdiction and that they are subject to the FLSA, but deny the remaining allegations.

14. Defendants admit that the Court has jurisdiction and that they are subject to the FLSA, but deny the remaining allegations.

15. Admit.

16. Admit.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

### *DEMAND FOR JURY TRIAL*

Defendants demand a trial by jury on all issues so triable.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## *AFFIRMATIVE DEFENSES*

For their <u>First Affirmative Defense</u>, Defendants state that Plaintiff failed to state a cause of action for which relief can be granted.

For their <u>Second Affirmative Defense</u>, Defendants state that they are entitled to a setoff for any wages or damages due to Plaintiff for any/all loans, premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff as an advance.

For their <u>Third Affirmative Defense</u>, Defendants state that they are entitled to a setoff for any wages or damages due to Plaintiff for any/all loans, premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs as an advance as well as for all lunches and food provided to Plaintiffs.

For their <u>Fourth Affirmative Defense</u>, Defendants state that Plaintiffs are not entitled to any overtime wages for time that he engaged in their own affairs and/or not primarily for the benefit of one or more of the Defendants.

For their <u>Fifth Affirmative Defense</u>, Defendants state that they cannot be held liable for liquidated damages in the circumstances of this case because they at all times material acted in good faith and had reasonable grounds for believing their acts or omissions were not a violation of the FLSA and believed then and believes now that their actions fully comply with the FLSA.

For their <u>Sixth Affirmative Defense</u>, Defendants state that to the extent that Plaintiffs performed work without their actual and/or constructive knowledge, they are not entitled to recovery for such time.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

For their <u>Seventh Affirmative Defense</u>, Defendants state that Plaintiffs cannot recover both liquidated damages and interest if one or more Plaintiffs prevail on his/their FLSA claim(s).

For their <u>Eighth Affirmative Defense</u>, Defendants state that some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

For their <u>Ninth Affirmative Defense</u>, Defendants state that there can be no recovery with respect to all times during which any/each Plaintiff was waiting to be engaged.

For their <u>Tenth Affirmative Defense</u>, Defendants state that there can be no recover because some or all of the time for which compensation is sought is *de minimis*, and therefore is not compensable.

For their <u>Eleventh Affirmative Defense</u>, Defendants state that no Plaintiff is entitled to any relief for any bona-fide break or meal period(s) of 15 minutes or more.

For their <u>Eleventh Affirmative Defense</u>, Defendants state that recovery under the Complaint is barred, in whole or in part, with respect to all times during which Plaintiffs were engaged in activities that were preliminary or postliminary to their principal activities.

WHEREFORE having responded to the Complaint, Defendants seek the recovery of their costs, their attorneys' fees as permitted under 28 U.S.C. §1927, and such other relief as the Court deems just and proper upon prevailing in this action.

4

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 25th day of July, 2016 on which will effect service on J.H. Zidell, Esq., J.H. ZIDELL, P.A., as *Counsel for Plaintiffs*, 300 71st Street, Suite 605 Miami Beach, Florida 33141, and on all others who appear in this action.

FAIRLAW FIRM
*Counsel for Defendants*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com