UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21817-CIV-FAM

ELDER LEOPOLDO GARCIA ROBLES, et al.,

        Plaintiff,

vs.

ACEBO ROOFING CORP., et al.,

        Defendants.

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DE29]

COME NOW the Plaintiffs, by and through undersigned counsel, and respond in opposition to Defendants' Motion for Summary Judgment filed as [DE29], and in support thereof states as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 and includes one count for Federal overtime wage violations against Defendants, jointly and severally, as to each Plaintiff.

2. Defendants move for Summary Judgment [DE29] asking the Court to find as a matter of law that: (a) Plaintiffs' testimony is too speculative to support an overtime award; (b) Plaintiffs' damages must be calculated at a half-time rate based on the daily salary they received; (c) Plaintiffs Elder Leopoldo Garcia Robles ("Elder") And Jairo Ovidio Garcia Robles ("Jairo") are not entitled to any overtime for the period of time they did not work for Defendants; (d) Defendants are entitled to a set-off for the value of the lunches provided to Plaintiffs; and (e) Plaintiff Fredy Otoniel Valladares Lopez a/k/a Alexandro Barrios ("Fredy") is not entitled to go back the full three years he is claiming.

3. Plaintiffs dispute the validity and veracity of Defendants' alleged "time records," which are pitiful substitutes for time keeping records as required by 29 CFR 516.2. It is impossible for the Court to form the sole basis of determining whether Plaintiffs were properly compensated for their overtime hours as required by the FLSA and whether Plaintiffs worked for the periods they respectively are claiming by relying on Defendants' alleged hotly-contested "time records."[1]

4. The facts of this case and the record testimony clearly demonstrate that Plaintiffs can establish by just and reasonable inferences the amount and extent of overtime work, Defendants' liability, and that they were not paid their overtime wages by Defendants as required by the law. *See, Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (1lth Cir. 1986) ("Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact."). Alternatively, Plaintiffs have established that there is, at a minimum, a genuine issue of material fact as to whether Plaintiffs were properly compensated for their overtime hours which should be left for a Jury to determine at Trial.

5. Further, Defendants attempt to significantly reduce Plaintiffs' claims by arguing that they are entitled to a set-off for the value of food allegedly consumed by Plaintiffs. This claim is

---

[1] Defendants' argument relies on selective citations to Plaintiffs' deposition testimony as a method to draw false inferences and inconsistent and contradictory statements while ignoring clarifying statements later found in Plaintiffs' deposition testimony. Defendant's method of drawing false inferences from Plaintiff's testimony serves only to distract from the central issues, namely, that whichever way Defendants dice it, Plaintiffs are owed overtime wages. This is less than forthright and a transparent tactic that the Court should not condone. Likewise, Defendants attempt to inflame the Court with references to Plaintiffs' legal statuses and income tax arguments. Employer-Defendants also have responsibilities regarding knowingly hiring undocumented aliens in contravention of federal law, failure to properly deduct amounts of payroll tax returns, and withholding employee taxes/paying social security. *See, Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment"); *See also* [DE28-7, P.28, L.9-12]. Defendants should be taught the old adage, "people who live in glass houses should not throw stones/don't cut your nose to spite your face."

completely unsubstantiated. Defendants have failed to maintain any weekly or monthly receipts or otherwise to establish by credible evidence the "reasonable cost" or "fair value" of the food allegedly consumed by <u>each</u> Plaintiff for the relevant time period.

6. Defendants's argument of Plaintiff Fredy's claims being barred by the three year Statute of Limitations turns on the issue of willfulness which is a question of fact regarding knowledge on the part of the employer which is a question of fact to be determined by the Jury alone. The issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court.

7. Therefore, Plaintiffs' claims should proceed to Trial as there is a genuine issue of material fact to be considered by the Jury, and, as set forth *supra*, Defendants' Motion for Summary Judgment [DE29] should be denied in its entirety.

## MEMORANDUM OF LAW

A. **Summary Judgment Standard.**

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS

79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

B.  **Plaintiffs Have Carried Their Burden To Prove Their Overtime Claims Under the Law.**

The onus is on Defendants to keep accurate and complete time records under *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946), and moreover, there are very specific records that must be kept pursuant to 29 CFR 516.2. "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the results be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

The dramatic effect of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 687 (1946).  Even if the estimations by Plaintiffs have been at some point inaccurate, "[i]naccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the Act.  Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages.  *Reeves* is binding

old 5th Circuit precedent in the 11th Circuit as such was decided prior to close of business October 1, 1981. *See, Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

In Plaintiffs' Statement of Claim [DE27] and Plaintiffs' Interrogatory Responses, Plaintiffs provide a just and reasonable approximation of the hours they worked for Defendants during the relevant time period. *See also,* [DE28-9, P.53, L.9-12; P.56, L.16-18]. Plaintiff Jairo states in his response to Interrogatory No.1 that, "I worked for Defendants from on or about July 10, 2002, as a roofer and installing roofs as part of a crew. I was required to install roofs, inspecting shingles, laying down roofing tiles, removing old roofs and installing and/or replacing shingles, installed fascia (wooden boards or other flat pieces of material that cover the ends of rafters), put down asphalt, metal, and other such materials. I worked for Defendants at different job sites throughout south Florida, depending on the duration of the project. From on or about July 10, 2002 through on or about December 2006, I worked for Defendants. Then on or about the years 2007 I did not work for Defendants. Then on or about January 2008 I commenced working for Defendants again through to on or about December 2009. Then on or about the year 2010 through to on or about December 2011 I did not work for Defendants. Then I worked for Defendants from on or about January 2012 through to May 6, 2016." *See also,*[DE28-8, P.21, L.9]; Plaintiff Jairo Aff. ¶¶19, 20. Plaintiff Elder states in his response to Interrogatory No. 2 that, " I worked for Defendants from on or about May 1, 2014, as a roofer and installing roofs as part of a crew. I was required to install roofs, inspecting shingles, laying down roofing tiles, removing old roofs and installing and/or replacing shingles, installed fascia (wooden boards or other flat pieces of material that cover the ends of rafters), put down asphalt, metal, and other such materials. I worked for Defendants at different job sites throughout south Florida, depending on the duration of the project." *See also,*[DE28-7, P.12, L.13-14]. Plaintiff Fredy states in his response to

Interrogatory No. 2 that, "I worked for Defendants from on or about February 15, 2006, as a roofer and installing roofs as part of a crew. I was required to install roofs, inspecting shingles, laying down roofing tiles, removing old roofs and installing and/or replacing shingles, installed fascia (wooden boards or other flat pieces of material that cover the ends of rafters), put down asphalt, metal, and other such materials. I worked for Defendants at different job sites throughout south Florida, depending on the duration of the project." *See also,* Depo. Trans. Defendant Pedro P.4, L.10-P.7, L.5.

In this case, Plaintiffs are knowledgeable of their schedules and given the said factual disputes and Plaintiffs' arguments that Defendants failed to maintain trustworthy and complete time records under the law cited herein, questions of material fact exist that require the Jury to determine whether Plaintiff is owed overtime wages. The Plaintiffs dispute of the veracity of the Defendants' produced "time records" create a genuine issue of material fact that is for the jury to decide, and thus Defendants' Motion [DE29] should be denied. This is precisely the issue the United States Supreme Court decided to address in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). *See Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-688 (U.S. 1946).

Plaintiff Jairo states in his Interrogatory No. 4 that, "During the relevant time period, I worked for Defendants from approximately 6:30 a.m. through to approximately 5:30-6:00 p.m.[2] During the relevant time period, I worked for Defendants six days a week and my day off was Sunday. However, very often I was also required by Defendants to work on my day off, Sunday,

---

[2] Travel from jobsite to jobsite and "where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." *See also* 29 C.F.R. § 785.38. This time spent by Plaintiffs needs to be factored in t Plaintiffs hours worked for Defendants. *See,* Depo. Trans. Defendant Pedro P.23, L.9-23 (Plaintiffs travelled to and from Defendants' jobsites on loaded company vehicles).

and I was not entitled to switch and have a different day off that week." *See,* Depo. Trans. Defendant Pedro P. 8, L.3-8; P.9, L.1-3, L.13-15; P.11, L.22-P.12, L.5; Depo. Trans. Defendant Octavio P.22, L.9-10; [DE28-8, P.69, L.17-19; P.74, L.21-P.79, L.2]; [DE28-7, P.52, L.22-P.23, L.7; P.61, L.8-13; P.79, L.11-24, P.80, L.14-17;L.21-23]; [DE28-9, P.35, L.7-11; P.42, L.3-11; P.43, L.16-17; P.44, L.14-19]; *See also,* Plaintiff Elder Interrogatory Response No. 4; Plaintiff Fredy Interrogatory No. 4. Plaintiffs testified that they would work even in the rain. [DE28-8, P.59, L.5-P.60, L.5]; *See also,* [DE28-7, P.42, L.3]; [DE28-9, P.57, L.2-3; P.58, L.8-17].

As this Court stated, "The employee's burden is not great and the Eleventh Circuit has found an employee can successfully shift the burden of proof by presenting his own testimony indicating the employer's time records cannot be trusted and that he worked the claimed overtime." *Jones v. Carswell Prop. Maint., Inc.,* No. 09–22027–CIV, 2012 WL 163035, at *1 (S.D.Fla. Jan.19, 2012) (on a renewed motion for judgment as a matter of law describing the burden-shifting scheme) (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1316 (11th Cir.2007))." *Centeno v. I & C Earthmovers Corp.*, 1:12-CV-23097, 2013 WL 4786906 (S.D. Fla. 2013). "Under the Anderson burden-shifting framework, the Plaintiff was not required to offer "definite and certain" evidence he performed work for which he was not properly compensated. *Anderson*, 328 U.S. at 687. See also *Reich v. S. New England Telecomm.*" *Solano v. A Navas Party Prod.*, 2011 U.S. Dist. LEXIS 4871, 31-33 (S.D. Fla. Jan. 12, 2011).

Defendants argue that they have shifted the burden back to Plaintiffs by producing alleged time records that eviscerate Plaintiffs' just and reasonable inference and Defendants' liability.[3] Defendants point to records, many of which are illegible, that they contend were maintained

---

[3] The alleged time records produced by Defendants do not reflect any hours, actual or otherwise, worked by any of the Plaintiffs and, as such, no burden shifting can logically occur under these circumstances.

during the relevant time period. Thus, not only are these alleged "time records" produced by Defendants during the course of the discovery phase of the litigation miserable substitutes for those required by an employer to maintain per 29 CFR 516.2 but Plaintiffs also attested to never being required to maintain time records and/or report their hours. *See* Plaintiff Elder's Aff. ¶¶7, 10, 28, 62, 69; *See also,* Plaintiff Fredy Aff. ¶¶7, 12, 13, 36; Plaintiff Jairo Aff. ¶¶7, 11, 64, 65, 66, 72, 73, 77, 78. **Yet, interestingly enough, Defendants themselves testified that they never had any timekeeping mechanism in place.** Depo. Trans. Defendant Acebo P.9, L.19-P.10, L.1, L.8-16; P.20, L.18-21. Said alleged "time records" did not maintain the hours Plaintiffs worked and Defendants testified that said "logs" only kept track of the days worked. Depo. Trans. Defendant Acebo P.20, L.18-21. Plaintiffs were not even aware that Defendants maintained any sort of records until the instant lawsuit and production by Defendants and, as such, Plaintiffs never had an opportunity to review them contemporaneously in relation to the work they performed for Defendants and, thus, Plaintiffs dispute their validity. [DE28-7, P.15, L.25-P.16, L.6]; *See also,* [DE28-7, P.33, L.4-7; P.34, L.25]. Plaintiff Jairo States in his Interrogatory No. 5 that, "I did not record the time worked as I was not required by Defendants to maintain my hours and/or record my hours on a time sheet" and, therefore, Plaintiff Jairo disputes the validity of Defendants' alleged time records provided by Defendants. *See also,* [DE28-8, P.36, L.13-17; P.88, L.10]; *See also,* Plaintiff Elder Interrogatory No. 5; Plaintiff Fredy Interrogatory No. 5. It is Defendants' burden to keep time records and, in the case at bar, Defendants offer disputed time records and Plaintiffs dispute same. Clearly, issues of fact remain as to the hours actually worked by Plaintiffs during their respective employment periods. *See also, Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (11th Cir. 1986).

C. **It Is A Jury Determination As To Whether Plaintiffs Are Entitled To A Half-Time Or Time-And-A-Half Calculation Under the Law.**

Section 4.14 of the Eleventh Circuit's Civil Pattern Jury Instructions relevant to the FLSA which states in part (emphasis added): "[The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by [40/the total number of hours [name of plaintiff]'s weekly salary **was intended to compensate**]." Further, pursuant to 29 C.F.R. § 778.109, "**The "regular rate" under the Act is a rate per hour**..." [emphasis added].

Defendants have taken the position that Plaintiffs were paid a daily salary and, therefore, Plaintiffs damages should be calculated on at a half-time rate based on same. However, Plaintiffs have in their custody pay stubs issued by Defendants' payroll company, Frankcrum, reflecting that Plaintiffs were being paid on an hourly basis at a rate of $20/hr.[4] [DE28-8, P.37, L.12-15]. The Supreme Court has ruled that a worker's rights to overtime wages cannot be waived or abridged by contract; they are "inalienable" in the employment law context. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981). Consequently, the Court should not entertain any arguments by Defendants that Plaintiffs cannot seek damages for time-and-a-half overtime violations based on their very own paystubs, which were not accurately recorded due to Defendants' failure to maintain an accurate time-keeping system as required by *Mt. Clemens Pottery Co.* and 29 CFR 516.2. Defendants' method of pay demonstrates that Plaintiffs were paid $20/hr. and that same was intended to pay no more than at most 15 hours per week, in direct conflict with Defendants' contentions that Plaintiffs' damages should be calculated on a half-time basis; there is a genuine issue of material fact regarding these allegations. *See, Martin v. S. Premier Contractors, Inc.*, 2013 WL 822635, at *9 (N.D. Ga. 3/6/13) ("An employee's regular rate of pay is a question of fact."). As such, Plaintiffs should be entitled to present to a Jury all

---

[4] Plaintiffs have produced copies of same during the discovery phase of this litigation.

the facts in evidence, including their paystubs reflecting an hourly rate of $20, for the Jury to determine whether Defendants intended to compensate Plaintiffs at said rate and for the number of hours reflected on Plaintiffs' paystubs. Plaintiffs have reserved this right throughout the litigation and do so as well herein. *See* Plaintiffs' First Amended Statement of Claim [DE27]; *See also,* [DE28-8, P.25, L.11-16; P.31, L.13-14; P.32, L.8-111]; Plaintiff Jairo's Aff. ¶¶5, 6, 55; Plaintiff Fredy's Aff. ¶¶5, 6, 52, 53; Plainitff Elder's Aff. ¶¶5, 6, 45-48. Plaintiff Jairo was working an average of 60 hours a week for Defendants and was receiving an average of $800/week which was **intended** only for 40 hours. [DE28-8, P.24, L.18-P.25, L.5]; *See also,* [DE28-8, P.24-L.4-17; P.58, L.8-13] (Plaintiff Jairo testified that "supposedly I was making $20 per hour"). This is evidence that Plaintiff Jaior was not paid anything at all for any hours worked above 40 in a week, which is demonstrative of Plaintiff Jaior's claim for time-and-a-half overtime based on his hourly rate of pay. Plaintiff Elder also testified that he was being paid per day but passed on his paystubs he believes he was getting paid an hourly rate. [DE28-7, P.13, L.2-4; P.14, L.18-23]; *See also,* [DE28-7, P.43, L.3-5; P.67, L.12-14; P.71, L.16-20; P.75, L.7-8]. Plaintiff Fredy also testified that his checks reflected $20/hr. for approximately 15 hours. [DE28-9, P.30, L.9-14; P.31, L.11-15; P.67, L.5-11].

    Defendants seek dispositive relief regarding issues of credibility, and credibility is subject to a jury determination. Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986). Such is why the Eleventh Circuit's Pattern Jury Instructions "3.4 Credibility of Witnesses", inter alia, instructs the jury as follows: "You should decide whether you believe what each witness had to say, and how important that testimony was.

In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter."

**Defendants are asking the Court to make a credibility determination based on selective excerpts from the deposition testimony of Plaintiffs.** Plaintiffs are able to provide a sufficient estimation as to the hours they worked on a weekly basis and as Defendants' records are inadequate as they are subject to a dispute as to their veracity. Thus, Plaintiffs should be allowed to use the more relaxed standard as set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (U.S. 1946). Because the onus is on the **employer** to maintain adequate time records, the employees/Plaintiffs should not be penalized for failing to prove the extent of their uncompensated work. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

Defendants belief that they should be awarded summary judgment on the grounds of Plaintiffs' inability to provide counter proof of hours worked when Defendants have not met its burden of providing proof that Plaintiffs did not work the hours alleged in their Statement of Claim and Interrogatory Responses is in direct contravention to the applicable law herein cited. It is the Jury that needs to determine whether Plaintiffs are owed any damages, and whether they believe their testimony that the records are inaccurate. Viewing the facts in the light most favorable to Plaintiffs and with all reasonable inferences provided to Plaintiffs, Defendants have not established sufficient undisputed evidence to allow the Court to determine that summary judgment should be entered as to Defendants as a matter of law.

D.  **The Court Should Reject Defendants Cost Credit Arguments Regarding Meals Allegedly Provided To Plaintiffs.**

29 U.S.C. § 203(m) provides in part

> "Wage" paid to any employee includes the reasonable cost, **as** determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such

> board, lodging, or other facilities are customarily furnished by such employer to his employees: *Provided*, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: *Provided further*, **That the Secretary is authorized to determine the fair value of such board, lodging, or other facilities for defined classes** of employees and in defined areas, based on average cost to the employer or to groups of employers similarly situated, or average value to groups of employees, or other appropriate measures of fair value. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee…. [Emphasis added].

Defendants never contacted the Department of Labor (or anyone else for that matter) to determine if Plaintiffs were being paid in accordance with the overtime wage laws. Defendants never communicated with the Department of Labor regarding Plaintiffs' board/alleged meals and Plaintiffs were never given the option of receiving additional pay in lieu of receiving their alleged lunches and Plaintiffs were never told that the alleged lunches would be part of their pay. Depo. Trans. Defendant Pedro P.37, L.19-23; P.38, L.11-14; Depo. Trans. Defendant Octavio P.9, L.23-25; P.10, L.5-7; P.17, L.17-21. Certainly Defendants never obtained any authorization or determination from the Secretary or anyone else at the DOL regarding credits Defendants seek in relation to Plaintiffs' wages. Defendants would not provide Plaintiffs with lunches on a daily basis and did not pay for Plaintiffs on days that they purchased their own lunches. [DE28-8, P.84, L.2-24]; [DE28-9, P.62, L.10-11; L.17-20].

As set forth in footnote 13 in *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982):

> Both Section 3(m) of the FLSA and the regulations provide for requests by employers for a determination of reasonable cost by the Administrator. In fact, 29 C.F.R. s 531.4(a) (1981) establishes a specific procedure to facilitate such determinations by the Administrator. As the court in *Morgan v. Atlantic Coastline R. Co.,*

> *supra*, indicated, the burden of invoking the Administrator's assistance is on the employer. *Id*. at 619.

*Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982). In the case at bar, any cost credit that Defendants seek has not been substantiated.

> Defendants have failed to maintain records or otherwise establish by credible evidence the "reasonable cost" or "fair value" of meals, lodging or other facilities claimed by defendants to have been furnished their employees for any period relevant to this action. *Marshall v. Debord d/b/a Bernies Rest Haven* 84 LC P33,721 E.D. Okla No. 77-106- (1978). In order that an employer be entitled to credits under Section 3(m) of the Act, the employer has the burden of showing that he has satisfied the conditions imposed under the 3(m) of the Act and Regulations thereunder contained at 29 CFR Part 531.

*Marshall v. New Floridian Hotel, Inc*., 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979). Furthermore, on appeal, the Eleventh Circuit stated that in order to assert a cost credit, the Defendant (employer) must maintain records of the actual cost of said boarding and how it is applied to the wages paid to Plaintiffs:

> **The regulations require employers to keep certain records of the cost incurred in furnishing board, lodging or other facilities, id. §516.27(a), and also require the employer to maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis**. Id. § 516.28(b). [Emphasis added].

*Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982).

Plaintiffs were never given the opportunity to receive the value of their alleged board/meals in the form of additional wages. Defendants may claim that they should be allowed to guess or approximate the reasonable cost or value of said alleged meals provided to Plaintiffs, however, to do so, would obliterate the safe guards put in place by congress to ensure that the reasonable cost is credited and that the employer does not profit by attempting to assert said credit. Depo. Trans. Defendant Pedro P.34, L.4-25 (Defendants are unable to attribute a certain

amount of lunches allegedly paid for each Plaintiff); *See also,* Depo. Trans. Defendant Octavio P.9, L.2-3; P.11, L.2, L.18-21; P.12, L.3-P.13, L.12 (Defendants would average out what they paid per day for lunches – "I averaged it" - and only have credit card statements to rely on regarding said "costs"). Defendants also allege giving cash to their foreman to pay for lunches but did not keep records of same either and, as such, their "receipts" are unreliable. Depo. Trans. Defendant Octavio P.15, L.8-10.

> This argument ignores the safeguard built into section 3(m) by Congress which prohibits an employer from profiting from his bargaining edge. An employer cannot deduct from the cash component of wages more than the "reasonable cost" of the meal as determined by the agency. 29 U.S.C.A. § 203(m). *Cf. Walling v. Peavy-Wilson Lumber Co.,* 49 F.Supp. 846, 862 (W.D.La.1943) (Congress limited the credit to the reasonable cost of the meals to prevent employers from circumventing the minimum wage law and "profiteering" through excessive deductions from cash wages for facilities provided).

*Davis Bros. v. Donovan*, 700 F.2d 1368, 1370-71 (11th Cir. 1983). That is precisely why an employer's guessing as to the reasonable cost is prohibited. "An employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division does not satisfy the employer's burden of proving reasonable cost." *Id.* (citing *Marshall v. DeBord,* 84 Lab.Cas. ¶ 33,721, at 48,476 (E.D.Okla.1978))." *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513-14 (11th Cir. 1993).

Defendants do not provide itemized receipts so that the Court is able to obtain how much food was allegedly consumed by each Plaintiff and, thus, the Court is also unable to determine the amount of "reasonable costs" to be applied in the reduction of Plaintiffs wages, if any, and Defendants are now attempting to exploit the credit post employment. *See also, Chao v. Min Fang Yang*, No. 05–2563, 2007 WL 7209596, at *6 (W.D. Tenn. Aug. 13, 2007) (prohibiting

employer from taking a section 3(m) credit where the employer "failed to make or keep records as required by 29 C.F.R. § 516.27 with respect to the cost of providing meals and lodging, or the requirement of maintaining records of any deductions claimed on a weekly basis").

As to 552.100(c) regarding meals, Defendants never maintained any receipts regarding the food Plaintiffs alleged consumed. As the DOL stated in an Opinion Letter, "[a]ny employer who furnishes meals, lodging, or other facilities to employees as wages must maintain the records required in section 516.27 of 29 CFR Part 516 (copy enclosed). Bills, purchase orders, and cash register tapes may be appropriate for such purpose." Opinion Letter Fair Labor Standards Act (FLSA), 1994 WL 1004832, at *2. Because Defendants failed to keep required records, this further shows a disputed fact that must be resolved by the Jury. *See also,* [DE28-7, P.54, L.21-P.55, L.4; P.58, L.7-P.59, L.18] ("Almost to all of us they would give us three lunches and it was not all the time. Other days we would have to buy our own lunch. It was not every day.").

Also, in *Marshall v. New Floridian Hotel, Inc*., 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979), the court held that an employer cannot claim a credit where he fails to offer an employee the option of receiving cash instead of the credit the employer. Defendants have not shown any evidence that Plaintiffs were provided the option of receiving cash instead of the credit alleged by Defendants.

Further, there are various types of payments that cannot be applied to offset unpaid wages. Such payments include: (1) fringe benefits such as **meals**, health insurance, bonuses, and paid vacations; (2) wages for "down time" on the job; (3) wages for meal breaks; and (4) amounts loaned by an employer to an employee. [emphasis added]. *See also,* [DE28-9, P.71, L.12-15] (Plaintiff Fredy viewed the alleged lunches he received as a gift and was never

explained that this was going to be part of his wages earned.). Therefore, in this matter, the Court should not allow Defendants to offset any minimum wages they may owe Plaintiffs, by arguing that they allegedly paid for Plaintiffs lunches. See, *Morrison v. Executive Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1322 (S.D. Fla. 2005); *Dunlop v. Gray–Goto, Inc.,* 528 F.2d 792, 794 (10th Cir.1976); *Futrell v. Columbia Club, Inc.,* 338 F.Supp. 566, 573 (D.C.Ind.1971); *Hiner v. Penn–Harris–Madison Sch. Corp.,* 256 F.Supp.2d 854, 860 (N.D.Ind.2003); *Ballaris v. Wacker Siltronic Corp.,* 370 F.3d 901, 913–14 (9th Cir.2004); *see Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir.1983). Also, as a general matter, with respect to setoffs, the former Fifth Circuit stated that "Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions…" *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974). However "[a] later Fifth Circuit case, *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n.9 (5th Cir. 2003) pointed out that *Brennan* does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum." *Nelson v. CK Nelson, Inc*., 2008 U.S. Dist. LEXIS 43544 (S.D. Fla. June 2, 2008). The case at bar is for overtime wage claims.

There are questions of material fact regarding Defendants' alleged lunches provided to Plaintiffs and the records produced are not acceptable as they do not itemize the amounts allegedly consumed by each Plaintiff.

E. **Defendants Willfully And Intentionally Refused To Pay Plaintiff Fredy's Overtime As Required By The FLSA And Plaintiff Fredy's Claim Should Be Extended Into The Third Year.**

Plainitff Fredy is claiming the three years, going back from the date the lawsuit was filed, that he worked for Defendants. [DE28-9, P.51, L.19-22]. Defendants claim Plaintiff Fredy

cannot show Defendants had actual knowledge that Plaintiff Fredy was not being compensated for overtime hours. However, issues of knowledge[5] on the part of the employer concern Jury questions and are not to be determined on summary judgment/for disposition by the Court.

Defendants have always known what time-and-a-half overtime pay for at least the past 5 years and yet Defendants admittedly never paid Plaintiffs their overtime pay as required by the law although Defendants knew that Plaintiffs were working *some* overtime. Depo. Trans. Defendant Pedro P. 15, L.23-P.16, L.6; P.28, L.2-7; Depo. Trans. Defendant Octavio P.9, L.9-11; P.16, L.21-P.17, L.1; *See also,* Depo. Trans. Defendant Octavio P.18, L.17-21 (Defendants estimate that the most Plaintiffs worked was 50 hours in a workweek). Defendants never contacted anyone outside of the Defendant Corporation (i.e. attorney, DOL, etc.) to take affirmative steps to ensure they were paying Plaintiffs their overtime wages in accordance with the law. Depo. Trans. Defendant Pedro P.19, L.24-P.20, L.5.

As the Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007),  "[t]he issue of willfulness under § 255(a) is a question of fact  for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.*, 978 F.2d  158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129,  (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).

---

[5] FN 1 is incorporated into the response to Defendants' Motion with regards to willfulness.

In another FLSA matter where the defense also sought to challenge the number of hours alleged as the summary judgment phase), the Court previously held that "the issue of whether a violation of the FLSA is willful is a question for the jury and is **not** properly decided by the Court in summary judgment." [emphasis added]; *Reis v. Thierry's Inc.*, 08-20992-CIV-Turnoff, at 9 (S.D. Fla. 2009), *citing McGuire v. Hillsborough County*, 511 F.Supp.2d 1211, 1218 (M.D. Fla. 2007). In the case at bar *supra*, Plaintiff has provided above examples of willfulness which would concern the statute of limitations, however, "[t]o establish that an employer was aware that an employee was working unpaid overtime hours, "a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge. *Shearer v. Edger Associates Inc.*, 8:14-CV-2689-T-27JSS, 2015 WL 9274928, at *3 (M.D. Fla. 2015). Plaintiff states in part in his response to Interrogatory No. 5 that, "I verbally complained to Defendants' foreman, Manuel Flores, about the number of hours required by me to work on a daily basis and I also would complain about the rate of pay I was receiving for the hours I was working for Defendants. Manuel Flores would respond that I had to work and that there was no other choice." Plaintiff Fredy's complaints to his supervisor can be imputed to Defendants. Defendants were undoubtedly on notice regarding the overtime hours and the fact that employees, other than Plaintiff Fredy, were not being paid overtime as other employees, like Plaintiff Jairo, verbally complained to Defendants' foreman (a supervisory role), Manuel Flores, about the number of hours required by them to work on a daily basis and regarding the rate of pay in regards to same. *See* Plaintiff Jairo Interrogatory No. 5; Plaintiff Elder Interrogatory No. 5. This is additional evidence that Defendants were knowledgeable of their employees, including Plaintiffs, working in excess of 40 hours a week for Defendants. Such allegations clearly raise a

question of material fact as to whether Defendants either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge. Such allegations are questions of fact for the Jury, which needs to determine whether Defendants and their agents actions (or inactions) imputed knowledge to Defendants.  *See e.g., Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 804 (11th Cir. 2015).

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THE COURT TO DENY DEFENDANTS' MOTION [DE29] IN ITS ENTIRETY.

      Respectfully submitted,

      J. H. ZIDELL, P.A.
      ATTORNEYS FOR PLAINTIFF
      300-71ST STREET, SUITE 605
      MIAMI BEACH, FLORIDA 33141
      305-865-6766
      305-865-7167

      By:_s/ Rivkah F. Jaff, Esq. ___
          Rivkah F. Jaff, Esquire
          Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 12/20/16 TO THE FOLLOWING:**

**BRIAN H. POLLOCK, ESQ.**
**FAIRLAW FIRM**
**7300 N. KENDALL DRIVE, SUITE 450**
**MIAMI, FL 33156**
**PH: 305.230.4884**
**FAX: 305.230.4844**
**EMAIL: BRIAN@FAIRLAWATTORNEY.COM**

    **BY:__/s/____Rivkah F. Jaff_____**
        **RIVKAH F. JAFF, ESQ.**